UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLEN T. WILLIAMS | * | |
| | * | |
| | * | CIVIL ACTION NO. 14-CV-00382 |
| VERSUS | * | |
| | * | JUDGE: BRIAN A. JACKSON |
| | * | |
| E.I. du PONT de NEMOURS AND COMPANY | * | MAGISTRATE: STEPHEN C. REIDLINGER |
| ************************************ | * | |

### E.I. du PONT de NEMOURS AND COMPANY'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

**COMES NOW**, through undersigned counsel, the Defendant, E.I. du Pont de Nemours and Company (hereinafter "DuPont" or "Defendant"), who pursuant to Rule 12(b)(6) and, alternatively, Rule 56, moves this Court to dismiss, with prejudice, certain claims asserted by Plaintiff, Allen Williams ("Plaintiff"). In support thereof, Defendant submits the following, as more fully discussed in the accompanying Memorandum of Authorities in Support.

I.

On September 13, 2010, Plaintiff filed an EEOC Charge asserting Title VII claims of racial discrimination and retaliation. Plaintiff's charge stated the discrimination occurred from January 2010-April 2010. He claimed he was subjected to a shift change because of his race, and was "written up" in retaliation for his complaint to Human Resources about his supervisor.[1]

II.

The EEOC determined that it was unable to conclude that the Defendant violated the applicable Title VII statutes, and submitted a Dismissal and Notice of Rights on March 24, 2014.

---

[1] *See* September 13, 2010 EEOC Charge, attached as Exhibit "A."

III.

The Plaintiff commenced the pending lawsuit on June 20, 2014, filing his Complaint against DuPont, asserting claims under 42 U.S.C. §2000e-2(a) and U.S.C. § 2000e-3(a) ("Title VII") only.[2]

IV.

Within the Complaint, Plaintiff alleges facts relating to discrete events of discrimination that occurred several years before and after the events and time period which were the focus of Plaintiff's September 13, 2010 charge.[3] Title VII requires that a complainant first file a timely charge with the EEOC, and receive a statutory notice of "right to sue" letter before he may pursue claims in federal court.[4] A charge is timely when filed within 180 or 300 days of the occurrence of each discriminatory act.[5] If a charge is not timely filed as to a discrete act, a lawsuit regarding that act is barred by Title VII.[6]

V.

Here, Plaintiff failed to exhaust administrative remedies for certain discrete acts that occurred prior to and after Plaintiff's September 13, 2010 administrative charge[7], because he did not file an administrative charge, or supplement his pending charge, within 180 days of the occurrence of those discrete acts. Accordingly, such claims are barred by Title VII.

**WHEREFORE**, for the above foregoing reasons, and as more fully set forth in the attached supporting Memorandum, and pursuant to the Federal Rules of Civil Procedure and applicable case law, Defendant, E.I. du Pont de Nemours and Company, moves that its Motion be granted, and that to the extent Plaintiff asserts claims for relief under Title VII for the discrete

---

[2] *See* Plaintiff's Complaint, ¶ 67, Rec. Doc. 1.
[3] *Id.* at ¶¶ 10, 12, 21, 58-61, and 63, Rec. Doc. 1.
[4] *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5 Cir.2002).
[5] 42 U.S.C. § 2000e-5(e)(1).
[6] *Id.* See also, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002).
[7] *See* Plaintiff's Complaint, ¶¶ 10, 12, 21, 58-61, and 63, Rec. Doc. 1.

acts, which are discussed in Paragraph 10, Paragraph 12, Paragraph 18, Paragraph 21, Paragraph 47, and Paragraphs 56-64 of his Complaint, these claims be dismissed, with prejudice, each party to bear its own costs.

>Respectfully Submitted:
>
>**KUCHLER POLK SCHELL WEINER & RICHESON, L.L.C.**
>
>*s/* Monique M. Weiner
>MONIQUE M. WEINER (#23233)
>LORI A. WATERS (#29636)
>1615 Poydras Street, Suite 1300
>New Orleans, Louisiana 70112
>Telephone:  (504) 592-0691
>Facsimile:  (504) 592-0696
>mweiner@kuchlerpolk.com
>lwaters@kuchlerpolk.com
>*Counsel for Defendant,*
>*E. I. du Pont de Nemours and Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 10th day of September, 2014 filed electronically a true copy of the foregoing.  All parties received notice of this filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

>*s/* Monique M. Weiner
>MONIQUE M. WEINER