UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN WILLIAMS

VERSUS

E.I. DUPONT DE NEMOURS AND
COMPANY

CIVIL ACTION

NUMBER 14-382-JWD-SCR

### **RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery filed by plaintiff Allen Williams. Record document number 41. The motion is opposed.[1]

Plaintiff filed a Complaint against defendant E.I. du Pont de Nemours and Company asserting claims of discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §1981 which occurred while he was employed at the defendant's plant in Burnside, Louisiana. Plaintiff alleged that his supervisors at the plant regularly committed discriminatory practices and retaliated against him for reporting these practices to the company's human resources department.

In the initial motion to compel discovery the plaintiff asserted that defendant failed to provided complete responses to Interrogatory Nos. 3-7 and Request for Production of Documents Nos. 18-27 of its first set of discovery requests propounded on March 2,

---

[1] Record document number 44. Plaintiff filed a reply. Record document number 47. Defendant filed a sur-reply. Record document number 50.

2015. Defendant asserted that it has provided the plaintiff with all relevant and responsive material.

Plaintiff's motion is resolved as follows.

In Interrogatory Nos. 3-7, the plaintiff sought comparative employment information regarding Caucasian and African American employees at the Burnside plant from 2002 to the present. Plaintiff argued that this information will demonstrate that the adverse employment actions taken against the plaintiff by the defendant were motivated by the defendant's desire to treat African American employees less favorably than Caucasian employees. Plaintiff also argued that the requested information will show to what extent the defendant imposed disciplinary actions upon Caucasian employees at the Burnside plant.

After the parties filed their memoranda, the district judge ruled on July 8, 2015 that the "Plaintiff's [42 U.S.C.] § 1981 claims that are prior to June 20, 2010 are time barred by the four statute of limitations under 28 U.S.C. § 1658(a)," and that his "Title VII claims that are prior to 2010 are not actionable as discrete discriminatory acts because Plaintiff failed to administratively exhaust these claims."[2]

---

[2] Record document number 51, Ruling and Order, p. 51. Nothing in the record indicates that after the ruling the plaintiff withdrew any aspect of his motion. The ruling also provided that, "to the extent that DuPont's motion was intended to reach a hostile work environment claim, DuPont is granted leave to file a motion to dismiss on this issue." Du Pont subsequently filed a motion to
(continued...)

Plaintiff has not demonstrated that these interrogatories seek relevant information, or at least information reasonably calculated to lead to admissible evidence. As a whole, these interrogatories either have no relevance to the plaintiff's discrimination/retaliation claims and/or their scope is entirely too broad in terms of subject matter and time period. Interrogatory Number 3 sought the number of Caucasians and African Americans employed each year at the Burnside facility. Plaintiff failed to provide any substantive authority supporting his request for such information and to persuasively explain how such information is relevant to his individual discrimination claims. A supplemental response to Interrogatory Nos. 4-7 is also unwarranted. These discovery requests sought the identification of all promotions of Caucasians and African Americans employees and all involuntary terminations of Caucasians and African Americans operators and employees. The relevance of favorable treatment of employees outside the protected class is limited to those who were similarly situated to the plaintiff. It is generally recognized that other claims of discrimination against an employer are relevant to a discrimination claim if limited to the (a) same form of discrimination, (b) the same department or agency where plaintiff worked, and (c) a

---

²(...continued)
dismiss. Record document number 52, E.I. du Pont de Nemours and Company's Motion to Dismiss Hostile Work Environment Claims Under Rule 12(b)(6).

reasonable time before and after the discrimination occurred.[3]

Plaintiff did not alleged that he was denied a promotion or terminated. Because these discovery requests are not limited to adverse employment actions similar to those allegedly suffered by the plaintiff (i.e. being written up for violating a truck loading procedure, loss of pay for two hours, and being required to take vacation time when he missed work), the information sought is not relevant to his claims. Plaintiff's argument that the requested information will show the defendant's general practice of treating African American employees less favorably than Caucasian employees does not entitle the plaintiff to conduct a fishing expedition in the hope of finding similarly situated employees who were discriminated against or were treated differently.

In Request for Production Nos. 18-27, the plaintiff sought information regarding incidents and discipline for certain Caucasian employees at the Burnside facility. With respect to Request Number 18, the defendant argued that there is no evidence or allegation that the plaintiff was disciplined in any way for violating a lock, tag and try procedure. Defendant also objected to production of documents for Request Numbers 19-27 regarding Wade Miller, George Valentine and Ivy Alberes because the incidents

---

[3] *Willis v. U.S.*, No. 11-708, 2012 WL 5472032, at 1 n. 6 (M.D.La. Nov. 9, 2012), see also, *Minnis v. Board of Sup'rs of Louisiana State University Agricultural and Mechanical College, et al.*, No. 13-5, 2013 WL 6271940 (M.D. La. Dec. 4, 2013).

4

occurred prior to the plaintiff's alleged claims of discrimination. Defendant also argued that none of the incidents identified in these requests were substantially similar to those for which the plaintiff was disciplined.

Even assuming the violations identified in these requests were comparable to the violation alleged in the complaint, the plaintiff has not shown that these individuals were similarly situated to the plaintiff at the time the violations occurred or that the incidents occurred within a reasonable time period from the plaintiff's first disciplinary action on April 6, 2010.[4] The cases relied on by the plaintiff are factually distinguishable and do not negate limiting discovery to circumstances involving similarly situated employees.

In his reply memorandum, the plaintiff also sought supplemental answers to Interrogatory Nos. 6-7 and a supplemental responses to Request for Production Nos. 40, 42 and 43. Because issues with these discovery requests were not included in the motion and initial supporting memorandum but were included in a supplemental memorandum filed after the fact discovery deadline expired, as to these discovery requests the motion is untimely.[5]

Plaintiff also requested supplemental depositions of Tom Miller and Elizabeth Cromwell, to be taken if needed after the

---

[4] Record document number 1, Complaint, ¶ 36.

[5] Record document number 28, Amended Scheduling Order. Fact discovery concluded on April 10, 2015.

5

defendant's supplemental production. Plaintiff subsequently limited his request to issues raised by metadata for document DAW00079-81, which was produced by the defendant on June 3, 2015. Defendant did not oppose this request.

This aspect of the motion is moot. The parties may take supplemental depositions of these persons, limited to questions about the metadata for document DAW00079-81, at such time as may be convenient to the parties and deponents.

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust.

One aspect of the plaintiff's motion is moot, but overall the motion was not substantially justified. The discovery requests at issue were overbroad and unreasonable. Defendant did not submit anything to establish a specific amount of expenses incurred in opposing motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.

Accordingly, Plaintiff's Motion to Compel Discovery is denied. Pursuant to Rule 37(a)(5)(B), the plaintiff shall pay to the

defendant, within 14 days, reasonable expenses in the amount of $500.00.

Baton Rouge, Louisiana, September 8, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE