UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-382-JWD-EWD** |
| **E.I. du PONT de NEMOURS AND COMPANY** | |

**RULING AND ORDER ON MOTION**
**FOR RECONSIDERATION FILED BY WILLIAMS**

This matter comes before the Court on Allen William's ("Plaintiff") motion to reconsider the Court's ruling on E.I. du Pont de Nemours and Company's ("Defendant") motion to dismiss, in which the Court dismissed Plaintiff's claims for a hostile work environment under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 82.) Defendant opposes the motion (Doc. 84), and Plaintiff has filed a reply (Doc. 88.) After carefully considering the law and the parties' arguments, the Court denies Plaintiff's motion for reconsideration.

**I.     Relevant Facts and Procedural History**

On July 8, 2015, the Court granted Defendant's Motion for Partial Dismissal (Doc. 51). The Court determined that Plaintiff's section 1981 claims arising prior to June 20, 2010 were time-barred under federal law and that Plaintiff's Title VII claims arising prior to 2010 were not actionable as discrete discriminatory acts on the grounds of exhaustion. (Doc. 51 at 1.)  However, because Plaintiff raised a hostile work environment claim only in his opposition (Doc. 40), Defendant did not have an opportunity to brief this issue in its Motion for Partial Dismissal. (Doc 51 at 20.) The Court thus granted Defendant leave to file a motion to dismiss Plaintiff's hostile work environment claim. (Doc. 51 at 20.)

1

Subsequently, Defendant filed a motion to dismiss Plaintiff's hostile work environment claim. (Doc. 52.) Defendant argued that Plaintiff failed to exhaust his administrative remedies as required to bring a hostile work environment claim under Title VII (42 U.S.C. § 2000e et. seq.) (Doc. 52 at 8-12.) Defendant further asserted that Plaintiff's allegations were not severe or pervasive enough as to give rise to a hostile work environment claim under section 1981. (42 U.S.C. § 1981) (Doc. 52 at 2.)

After a thorough analysis of the law and Plaintiff's allegations, the Court granted Defendant's motion. (Doc. 75.) The Court held that 1) Plaintiff failed to exhaust his administrative remedies as a prerequisite to his Title VII claim because even a liberal reading of his EEOC charge and EEOC amendment did not reasonably lead to a hostile work environment claim (Doc. 75 at 15-17); 2) Plaintiff failed to allege sufficient facts to establish a hostile work environment claim under section 1981 because the alleged actions that occurred before 2010 (outside the limitations period) were irrelevant under the continuing violations doctrine, and the alleged actions that occurred after 2010 (within the limitations period) were not severe or pervasive enough to alter the conditions of Plaintiff's employment to create an abusive working environment (Doc. 75 at 19-27); and 3) Any amendment to his claims would be futile because Plaintiff could not overcome the exhaustion requirement of Title VII by alleging additional facts in his complaint that were not contained in his EEOC charge. Furthermore, the additional allegations concerned untimely and irrelevant actions, such as the mere utterance of an epithet, the conclusory statement as to reasons why he was sent home from work, and adverse actions against others. (Doc. 75 at 28-30.)

Plaintiff's motion now requests that the Court reconsider its ruling on four grounds. (Doc. 82.) First, Plaintiff argues that the Court erred in considering the allegations of employer conduct in isolation in determining whether Plaintiff stated a plausible hostile work environment claim

2

under Title VII and section 1981. (Doc. 82-1 at 2-4.) Plaintiff claims that "the cumulative effect of the allegations" are sufficient to state a hostile work environment claim. (Doc. 82-1 at 2-4.)

Second, Plaintiff asserts that adverse actions against his coworkers and the allegations contained in his coworkers' suits are relevant to his action. (Doc. 82-1 at 4-6.) Specifically, Plaintiff claims that Valentine's shoving of another African American coworker, the exertion of Valentine's influence over the plant as a whole after Valentine was transferred to another position, and the allegations contained in separate suits brought by his coworkers show the pervasiveness and severity of Defendant's actions. (Doc. 82-1 at 4-6.) Thus, Plaintiff states that the Court erred in denying him leave to amend his Title VII and section 1981 claims.

Third, Plaintiff reminds the Court that his EEOC charge was consolidated with the charges of his coworkers, Scott and Rap. (Doc. 82-1 at 7.) Scott's charge included a claim for a hostile work environment. (Doc. 82-1 at 7.) Thus, Plaintiff argues that he exhausted his administrative remedy, and the Court's finding to the contrary is erroneous. (Doc. 82-1 at 7.)

## II.   Discussion of the Law

### A.  Standard for Motion to Reconsider

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration (*e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)), courts customarily consider such motions under Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Plaintiff brings his motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 82 at 1.) Under this provision, any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. Proc. 54(b). While the court has broad discretion to decide a Rule 54(b) motion to reconsider

3

and the standard imposed is less exacting, courts consider factors that inform the Rule 59 and Rule 60 analysis. *McClung v. Gautreaux*, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

Specifically, these factors include whether 1) the judgment is based upon a manifest error of fact or law; 2) newly discovered or previously unavailable evidence exists; 3) the initial decision was manifestly unjust; 4) counsel engaged in serious misconduct; and 5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475-76 (M.D. La. 2002). However, a motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18 (S.D. Tex. 1994). It is with these principles in mind that the Court addresses Plaintiff's motion for reconsideration in reference to his hostile work environment claims.

### B. The Court Considered the Cumulative Effect of all Alleged Actions

The Court's decision as to whether Plaintiff's allegations give rise to a hostile work environment claim is neither manifestly unjust nor manifestly erroneous. Plaintiff's motion for reconsideration fails to appreciate the difference in the Court's analysis between time-barred actions and timely actions. First, the Court properly found that the pre-2010 actions, on which Plaintiff bases his motion to reconsider, were not relevant under the continuing violations doctrine and, thus, could not be viewed in the aggregate with timely actions. Second, the Court properly

4

found that the timely actions occurring after 2010 did not give rise to a hostile work environment claim when viewed in the aggregate.

Plaintiff incorrectly bases his claim for reconsideration on language plucked from the Court's ruling and then taken out of context to demonstrate the Court's isolated treatment of alleged employer actions. Plaintiff states the Court erred in considering, in isolation, the incident in which "a piece of paper [was] thrown at the plaintiff and then later snatched out of his hand" and the incident in which Plaintiff was corrected for his grammar over the radio. (Doc. 82-1 at 2.)

However, Plaintiff mischaracterizes the Court's opinion as to these two actions. These incidents occurred before June 20, 2010 and were thus time-barred (Doc. 51 at 1.) The Court first determined that these actions could not be "lumped" together under the continuing violations doctrine. (Doc. 75 at 26-27). The continuing violations doctrine applies only when the unlawful practice manifests itself over time as part of a pattern or policy rather than a series of discrete acts. (Doc. 75 at 20.) The Court found that these pre-2010 actions were not related to the timely actions and represented discrete discriminatory acts because a different supervisor carried out the adverse action and because several years passed between the time-barred actions and the timely actions. (Doc. 75 at 25-27.) Thus, the cumulative effect of these incidents could not be examined in connection with Plaintiff's other allegations.

Second, the Court noted that, even if these actions were properly before the Court and were not time-barred, these actions were infrequent and only occurred once. (Doc. 75 at 26-27.) The Court stated "a single instance of having grammar corrected" and a single instance of "having a piece of paper thrown at the plaintiff and then later snatched out of his hands" are not the types of egregious conduct contemplated by the hostile work environment jurisprudence. (Doc. 75 at 26-27.)

5

Plaintiff further argues that it was "clear error" for the Court to view a change in supervisors as an intervening circumstance under the continuing violations doctrine because the supervisor "continued to exert influence over the replacement supervisor, plant manager, and the plant as a whole." (Doc. 82-1 at 6.) This statement, however, is conclusory and is not entitled to be accepted as true under the Federal Rules of Civil Procedure. The Plaintiff does not state exactly how the supervisor continued to exert influence or which actions the supervisor took to overcome the subsequent management's free will. Instead, Plaintiff requests this Court to accept as true an unsupported conclusion on which the Plaintiff's case hinges –that Valentine advanced a racist corporate culture and atmosphere that created an abusive work environment. (Doc. 82-1 at 7.) This the Court cannot do.

In deciding whether the timely actions that occurred after June 20, 2010 gave rise to a hostile work environment claim, the Court recognized that frequent incidents of harassment, though not severe, can become pervasive and alter the terms, conditions, or privileges of employment. (Doc. 75 at 19.) The Court, however, found that the following did not give rise to a hostile work environment claim: 1) the 2012 mocking gesture Miller made to Plaintiff, 2) the coworker's shunning of Plaintiff, 3) Defendant's docking of two hours of pay, and 4) Defendant's forcing Plaintiff to take a days' worth of vacation when he missed work due to inclement weather.

Plaintiff failed to demonstrate that the actions were based on a protected characteristic, such as his race, and Plaintiff failed to show how these actions were sufficiently severe or pervasive to alter the condition of his employment and create an abusive working environment. (Doc. 75 at 22-25.)

Thus, the Court's decision is neither manifestly unjust nor based upon manifest error of fact or law. The Court refuses to reconsider Plaintiff's reurged arguments of the cumulative effect of the alleged actions.

**C. The Court Properly Denied Plaintiff's Request to Allege Additional Facts**

The Court was neither manifestly erroneous nor manifestly unjust in refusing to allow Plaintiff the opportunity to amend his complaint to allege additional facts. First, adverse actions taken against coworkers and the allegations contained in the coworkers' related lawsuits are irrelevant to Plaintiff's hostile work environment claim under section 1981. Second, Plaintiff cannot satisfy the administrative exhaustion requirement under Title VII by alleging additional facts in his complaint.

Plaintiff argues that he should be allowed to amend his complaint to allege adverse actions taken against other African American employees as supportive of his hostile work environment claim. Specifically, Plaintiff asserts that Valentine's shoving of an African American employee and the allegations of other Plaintiffs set forth in related cases demonstrate a hostile work environment. (Doc. 82-1 at 4, 7-8.) Plaintiff contends that actions taken against coworkers are relevant to his hostile work environment claim because the standards to review a hostile work environment claim on the basis of sexual harassment are the same as those to review a hostile work environment claim on the basis of racial harassment, and the United States Fifth Circuit Court of Appeal has looked to the atmosphere of inequality or demeaning treatment in analyzing a sexual harassment claim under Title VII. (Doc. 82-1 at 5) (*Waltman v. International Paper Co.,* 875 F.2d 468, 477-78 (5th Cir. 1989)).

The Court, however, was justified in finding that Plaintiff is required to show that he was subjected to unwelcome harassment without the benefit of others' subjection or allegations (Doc.

7

75 at 30.) The more recent jurisprudence, from both the Fifth Circuit and the United States Middle District, fails to give weight to the allegations of adverse actions directed to other coworkers who are not the plaintiffs. *See Wilson-Robinson v. Our Lady of the Lake Regional Medical Center, Inc.*, Civ. Action No. 10-584, 2011 WL 6046984, at *3 (M.D. La. Dec. 6, 2011); *Septimus v. University of Houston*, 399 F.3d 601, 612 (5th Cir. 2005). Thus, the Court's denial of Plaintiff's request to amend his section 1981 claims was not manifestly unjust or manifestly erroneous under the law.

Similarly, the Court was also justified in denying Plaintiff's request to make these allegations in support of his Title VII claims. Plaintiff cannot overcome the hurdle of exhausting his administrative remedies for a hostile work environment claim by alleging facts in his complaint that were not contained in his EEOC complaint. (Doc. 75 at 29.)

Plaintiff argues that he should be able to allege the hostile work environment claims and allegations contained in his coworkers' lawsuits because the EEOC consolidates his charge with the charges of Scott and Rapp. (Doc. 82-1 at 7-8.) In response, Defendant asserts that Plaintiff seeks to impermissibly "piggyback" on Scott and Rapp's EEOC charges because 1) there is no allegation that Scott and Rapp's charges provided Defendant with notice of the collective or classwide nature of the charge and 2) Plaintiff filed his own, independent suit. (Doc. 84 at 7.) Plaintiff responds that the single filing rule is completely irrelevant because he filed an EEOC charge; an individual, who has not filed an administrative charge, can opt-in to a suit filed by any similarly situated plaintiff under certain conditions under the single filing rule. (Doc. 88 at 2.)

Plaintiff's argument is misplaced. Plaintiff argues that, because he has a distinguishing characteristic from the typical single filing rule case, he is not subject to the single filing rule nor the general rule of administrative exhaustion. Plaintiff would have this Court create an unprecedented exception, similar to the single filing rule, where a plaintiff who has filed an EEOC

8

charge and who has also filed an independent lawsuit can piggy-back onto the claims of his coworkers in similar lawsuits simply because their EEOC charges were consolidated. Plaintiff offers no support for this proposition.

Indeed, the single filing rule applies to Plaintiff's case under Fifth Circuit case law and operates to bar Plaintiff's "piggybacking" on others' claims and allegations after filing an independent suit. The court addressed a near identical question in *Nelson v. Shoney's Inc.*, Civ. Action No. 96-2199, 1997 WL 567957, at *5 (E.D. La. Sept. 10, 1997). There, the court held that Ms. Nelson could not raise a federal claim for race discrimination or retaliation because she failed to raise these claims in her EEOC charge. *Id*. The court stated, "Because Ms. Nelson has filed her own EEOC charge, she cannot take advantage of the 'single filing rule.'" *Id. See also Wesley v. Yellow Transp., Inc.*, 3:05-CV-2266-D, 2008 WL 294526, at *5 (N.D. Tex. 2008) (finding the single filing rule "does not apply where the respective plaintiffs filed separate EEOC charges and separate lawsuits"). Indeed, the Fifth Circuit has stated:

> Once the charge is filed, unless it is permissibly modified, the EEOC and the employer are entitled to rely on the allegations contained therein. To allow a plaintiff to file an EEOC charge, file suit upon that charge and then, at the eleventh hour, when the statute of limitations has run, to amend his complaint in reliance on the charge of another belies the policies behind the single filing rule and controverts congressional intent. The employee, by failing to assert a particular allegation in his charge, has necessarily excluded himself from the class of persons purportedly covered by the charge of another. As a result, the EEOC and the employer are given no notice and no opportunity to remedy his complaint. He is bound by the parameters of his own EEOC charge, and cannot subsequently utilize the single filing rule to avoid the statute of limitations.

*Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995), *reversed on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the single filing rule does not allow Plaintiff to amend his complaint to allege the claims of other plaintiffs in unrelated lawsuits, the Plaintiff is subject to the general rule, which requires exhaustion of administrative remedies. *See*

9

*Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006) (stating that the piggyback concept is a "carefully limited exception" that allows parties to opt-in to a suit filed by any similarly situated plaintiff under certain conditions). This is also consistent with *Bettcher v. Brown Schools, Inc.*, 262 F.3d 492, 495 (5th Cir. 2001). There, the court refused to expand the single filing rule to allow a non-charging plaintiff to file a suit based upon the charge of a party that had not filed suit. *Id.* According to the court, such "a reading would allow the single filing exception to consume the statutory rule." *Id.*

Plaintiff filed his own EEOC charge that failed to contain a claim for a hostile work environment. Thus, the Court was not manifestly erroneous or unjust in refusing to allow Plaintiff to opportunity to amend his complaint to piggyback on Scott's hostile work environment claim.

### D.  The Court Properly Found Plaintiff Did Not Exhaust Administrative Remedies

Plaintiff asserts that he exhausted his administrative remedy because his EEOC charge was consolidated with the charges of Scott and Rapp, and Scott's charge included a claim for a hostile work environment. (Doc. 82-1 at 7.) According to Plaintiff, the fact that the EEOC consolidated his charge with his coworker's charge that specifically asserted a hostile work environment shows that Plaintiff's allegations of discrimination and retaliation contained in his EEOC charge did reasonably lead to a hostile work environment claim. (Doc. 82-1 at 8.)

Taking this into consideration, the Court found that Plaintiff's allegations contained both in his original EEOC charge and in his EEOC amendment were not sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. (Doc. 75 at 14-17.)  Plaintiff's EEOC charges consist of Defendant's change of his work schedule for no reason, Defendant's write up of Plaintiff after incorrectly loading a chemical truck, and Defendant's requirement that Plaintiff take a vacation day for not being able to work due to

inclement weather. (Doc. 75 at 14-17.) The Court properly found that these allegations could not reasonably lead to a showing that the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (Doc. 75 at 14-17.)

Plaintiff has thus failed to show that the Court was manifestly unjust or erroneous.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 82) is **DENIED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on March 31, 2016.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**