UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN WILLIAMS

v.

E.I. DU PONT DE NEMOURS AND COMPANY

CIVIL ACTION

NO. 14-382-JWD-EWD

RULING ON DAUBERT MOTION OF
DEFENDANT E.I. du PONT de NEMOURS COMPANY

This matter comes before the Court on the *Daubert* Motion to Exclude Causation Opinion Testimony of Alan L Taylor PhD brought by Defendant E.I. du Pont de Nemours and Company ("DuPont" or "Defendant"). (Doc. 63.) Plaintiff Allen T Williams ("Williams" or "Plaintiff") opposes the motion. (Doc. 67.) DuPont has replied. (Doc. 73.) Considering the law, arguments of the parties, facts in the record and, for reasons explained more fully hereinafter, DuPont's motion to exclude is denied.

*I.   Background*

Plaintiff claims that he suffered race-based discrimination and retaliation as an employee at DuPont's Burnside facility in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). He claims to have suffered mental and emotional distress, and that he is entitled to compensatory, special, and punitive damages. Plaintiff has listed psychologist Alan L Taylor PhD ("Taylor") as an expert witness.

DuPont does not challenge Taylor's anticipated opinion testimony regarding Taylor's diagnosis and treatment of Plaintiff's mental health condition and the impact it has had on Plaintiff. (Doc. 63-1 at 2.) Rather, DuPont charges that "Dr. Taylor's opinion that alleged racial discrimination and retaliation at Burnside caused Plaintiff's mental health conditions is not a

properly supported conclusion or opinion." (*Id*.; *see also* Doc. 63 at 1.) In its motion, DuPont charges more broadly that Taylor should not be able to testify as to "any causation opinions." (Doc. 63 at 1; *see also* Doc. 63-1 at 3.) DuPont argues that Taylor's opinion has insufficient foundation, and utilizes an inadequate and improper methodology. Finally, DuPont argues that Taylor's opinion is an ultimate conclusion reserved to the jury and, for that reason also, should be disallowed. (Doc. 63-1 at 2.)

Plaintiff counters that DuPont has created a "strawman" by claiming that Taylor intends to opine that plaintiff's mental damages are the result of racial discrimination when, in fact, Taylor gives no such opinion. (Doc. 67 at 1-2.) He argues that Taylor's opinion is based not only on Plaintiff's medical history but also on a review of deposition testimony, objective testing, and years of experience as a clinical psychologist who has treated many plant workers like Plaintiff. (Doc. 67 at 9.) In sum, Plaintiff contends that, under applicable federal jurisprudence, Taylor's opinion is reliable, trustworthy and should be allowed.

## II.   *Standard to Be Applied*

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is reliable. As the Fifth Circuit has held:

> [W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. See *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2794-95. *Daubert* went on to make "general observations" intended to guide a district court's evaluation of scientific evidence. The nonexclusive list includes "whether [a theory or technique] can be (and has been) tested," whether it "has been subjected to peer review and publication," the "known or potential rate of error," and the "existence and maintenance of standards controlling the technique's operation," as well as "general acceptance." 509 U.S. at 593-594, 113 S.Ct. at 2796-97. The Court summarized:

> The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability-of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

The cases following *Daubert* have expanded the factors and explained the listing is neither all-encompassing nor is every factor required in every case. *General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997); *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Indeed, courts may look to other factors. *Joiner* at 146.

This Court has explained:

> The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, (509 U.S. 579) (1993), which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.*, No. 09-171, 2010 WL 3999011, at *1 (M.D. La. Oct. 12, 2010).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997) (holding that appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *see also Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (holding "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony"); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." ).

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed.R.Evid. 702 Advisory Committee Notes to 2000 Amendments). Further, as explained in *Scordill v. Louisville Ladder Group, L.L.C.*, No. 02-2565, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003) (Vance, J.):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. See *Daubert*, 509 U.S. at 596 [113 S.Ct. 2786]. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*. (Citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the *Daubert* analysis is a "flexible" one, and "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise and the subject of his testimony." *Kumho*, 526 U.S. at 150, *cited with approval in Pipitone v. Biomatrix, Inc*., 288 F.3d 239, 244 (5th Cir. 2002).

In that vein, the Fifth Circuit has concluded that "soft sciences," like psychology, involve "necessarily diminished methodological precision" when compared to other scientific disciplines like mathematics and engineering. *U.S. v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006) (citing and quoting *Jenson v. Eveleth Taconite Co*., 130 F.3d 1287 (8th Cir. 1997)).

> In such instances, other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and observations. *See e.g.*, *Pipitone v.*

> *Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002) (finding expert's testimony reliable under *Daubert* where "based mainly on his personal observations, professional experience, education and training"). Because there are areas of expertise, such as the "social sciences in which the research theories and opinions cannot have the exactness of hard science methodologies", *Jenson*, 130 F.3d at 1297, trial judges are given broad discretion to determine "whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case." *Kumho Tire Co.*, 526 U.S. at 153, 119 S.Ct. 1167.

*Simmons*, 470 F.3d at 1123.

### III.   Application

In reviewing Dr. Taylor's *curriculum vitae*, it is apparent that he is highly qualified and very experienced. (Doc. 67-1 at 34-38.) Indeed, Defendant does not question his qualifications. Rather, Defendant seems to challenge Taylor's ability to render "any causation opinions", but focuses on his purported opinion "that alleged race-based discrimination caused plaintiff … to suffer mental health problems." As to the latter, Plaintiff responds that Taylor is not opining that race-based discrimination caused plaintiff's mental health problems.

An expert cannot render conclusions of law. *Louisiana Health Care Self Ins. Fund v. United States,* No. CIV.A. 12-766, 2014 WL 4828940, at *6-7 (M.D. La. Sept. 29, 2014). If Taylor was opining that Plaintiff suffered race-based discrimination, the Court would agree that this would improperly invade the province of the jury. Whether or not race-based discrimination occurred is for the jury to decide. However, after reviewing the briefs and attachments, the Court agrees with Plaintiff. Taylor does not opine that Plaintiff's mental issues flow from "race-based discrimination" but, rather, is a product of the work atmosphere at the DuPont Burnside facility and the ongoing conflict with his supervisors, which, Taylor states, are obvious stressors contributing to his mental health condition. (*See, e.g.* Doc. 63-3 at 8.)

While not entirely clear, Defendant seems to go further and argue more broadly that Taylor should not be permitted to render *any* causation opinion regarding Plaintiff's mental condition. In

this regard, Defendant argues that Taylor's opinion lacks an adequate foundation, and his methodology is insufficient. (Doc. 63-1 at 2.) The Court disagrees.

Defendant argues that "Dr. Taylor essentially relied on the Plaintiffs' history as to the cause of his problems[,]" (Doc. 63-1 at 3.) and therefore his opinion lacks sufficient support to be valid. This significantly understates the basis for Taylor's opinion which, it is clear from a review of the materials attached to the respective briefs, included his psychological assessment of Mr. Williams using well-known standardized tests, his observations of his patient over a number of visits, his experience of over 30 years including specific experience treating people who work in the petrochemical industry at all levels of employment (frequently seeing operators and engineers), his review of two separate sworn depositions of Plaintiff, his review of the depositions of plaintiff's supervisor, the Burnside plant manager and Plaintiff's coworkers, and, finally, his review of peer-reviewed literature speaking to the issues in his report.

Furthermore, Defendant's argument assumes that a patient's detailed history is insufficient and unreliable, by itself, to support Taylor's testimony that Plaintiff's emotional distress is due to the actions of his employer in this Title VII case. Even if this is correct, the bases for Taylor's opinions go far beyond Plaintiff's history. The Court concludes that the methodology and foundation used to support Taylor's opinion is more than adequate to defeat DuPont's *Daubert* challenge. As a result, Defendant's motion is denied.

## IV. Conclusion

Accordingly, **IT IS ORDERED** that the *Daubert* Motion to Exclude Causation Opinion Testimony of Alan L Taylor PhD (Doc. 63) filed by DuPont is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 11, 2016.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**